Alton SIMMONS, Appellant,

v.

Dr. Drew WILLIAMS, Appellee.

No. 14–97–00971–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 10, 1998.

James B., Manley, Pasadena, for appellant.

Alton Simmons, Rosharon, for appellee.

Before ANDERSON, EDELMAN and DRAUGHN,* JJ.

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

Alton Simmons, an inmate at the Texas Department of Criminal Justice, Institutional Division ("TDCJ"), appeals the trial court's dismissal order in his pro se *in forma pauperis* medical malpractice action against Dr. Drew Williams, a contract physician for the TDCJ. We dismiss for want of jurisdiction.

## Background

On June 4, 1994, Rumaldo Mesa, an inmate at the TDCJ, injured his toe while walking through a doorway of the prison. Prison physicians had previously prescribed a walking cane for Mesa's use due to severe arthritis in his knees. Prior to his accident, Williams examined Mesa and discontinued Mesa's prescription for the walking cane. In his petition, Mesa alleged that Williams was negligent in discontinuing his prescription for the cane because this limited Mesa's ability to walk and caused him to injure his toe.

Mesa sued Williams for malpractice under article 4590i of the Texas Revised Civil Statutes (the Medical Liability and Insurance Improvement Act) and filed an affidavit of inability to pay costs pursuant to Rule 145 of the Texas Rules of Civil Procedure. Eight months later, Mesa filed a notice of assignment of his claim to appellant pursuant to section 12.014(c) of the Texas Property Code. Shortly thereafter, appellant filed a petition for intervention[1] alleging he was entitled to intervene as a real party in interest because he was the assignee of Mesa's malpractice claim. Williams did not challenge appellant's petition in intervention or contest appellant's affidavit of inability to pay costs.

On March 31, 1997, Williams filed a motion to dismiss Mesa's case because Mesa had failed to file an expert report, as required by section 13.01(d) of article 4590i, no later than 180 days after Mesa filed his claim. Williams's motion to dismiss did not, however, address appellant's assigned claim against him or refer to appellant's status as an intervening party. In fact, the certificate of service[2] attached to Williams's motion to dismiss indicates the motion was mailed *only* to Mesa.[3]

▬ On April 18, 1997, the trial court entered an order styled "Rumaldo Mesa, Plaintiff, v. Dr. Drew William [sic], Defendant," dismissing "all claims against Defendant Dr. Drew Williams ... with prejudice as a sanction for failure to provide an expert report as mandated by TEX. REV. CIV. STAT., art. 4590i, § 13.01(e)(3)." On appeal, appellant raises eight points of error challenging the trial court's order on the grounds that (1) he was not served with Williams's motion to dismiss, and (2) the statutory requirement of filing an expert report violates his constitutional rights.

## Analysis

▬ Before reaching the merits of appellant's points of error, we must determine whether we have jurisdiction to consider this appeal, even if it is necessary to do so *sua sponte*. *See, e.g., Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 536 n. 15 (Tex.1995). As a general rule, an appeal may be taken only from a final judgment. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). To be final, a judgment must dispose of all issues *and* parties in the case. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995) (per curiam). Therefore, if the trial court's order

---

* Senior Justice Draughn sitting by assignment.

1. *See* TEX. R. CIV. P. 60.

2. The certificate of service states, in pertinent part:

   I, KELLY A. FALLS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Defendant's Motion to Dismiss has been served by placing same in the United States mail, post-

age prepaid, on this the 25th day of May, 1996[sic], addressed to:
Rumaldo Mesa # 520494
TDCJ–ID, Ramsey I Unit
Route 4 Box 1100
Rosharon TX 77583

3. It is undisputed that Williams' motion to dismiss was never mailed to or served upon appellant.

dismisses the original plaintiff's claims against the defendant but does not dispose of an intervenor's claims, the order is not final. *See, e.g., Villalba v. Fashing,* 951 S.W.2d 485, 489 (Tex.App.—El Paso 1997, no writ). This is precisely the situation before us.

In this case, the trial court's order dismisses only "all claims" of the plaintiff Mesa, as requested by Williams in his motion to dismiss. The order does not dismiss appellant's assigned claim against Williams or otherwise dispose of appellant as an intervening party in the case. Consequently, appellant remains a party of record in the action against Williams, and appellant's assigned claim is still pending. Because the order in this case does not dispose of appellant's claim against Williams, the order is not final, and this appeal is premature. Accordingly, we must dismiss the case for want of jurisdiction.