David DARR, Individually, and d/b/a
Humble Automotive, Appellant,

v.

James E. ALTMAN, Appellee.

No. 14–99–00138–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 2000.

Robert P. McConnell, Houston, for appellant.

Gary M. Polland, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, David Darr, Individually and d/b/a Humble Automotive, appeals the final judgment dated November 5, 1998, granted in favor of appellee, James E. Altman. Altman filed a motion to dismiss this appeal as untimely. Altman's motion to dismiss is denied and the trial court's judgment dated November 5, 1998, is affirmed.

### I. Background

Altman brought his motor home to Humble Automotive for repairs and directed Humble Automotive to prepare an estimate and analysis of the repairs required. After the motor home had been at Humble Automotive for several months, Humble Automotive sent Altman a letter seeking $3,278 for engine tear down and storage costs and further seeking authorization to complete the repair work. When Altman did not pay the bill, Humble Automotive obtained a Texas title for foreclosure pursuant to its mechanic's lien.

Altman sued Darr for conversion, breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). Altman sued Gary Hahne, Darr's trial counsel, claiming Hahne had an interest in the motor home by assignment, and the Texas Department of Transportation (the "Department") for DTPA violations. Altman also sought a temporary injunction to prevent Humble Automotive or Hahne from transferring title of the motor home to another party and to

prevent the Department from accepting or processing an application to transfer title. Darr filed a counterclaim against Altman, claiming that Altman's suit was brought in bad faith and asserted affirmative relief for unpaid fees for towing, storage, and repairs.

On April 14, 1997, the trial court entered a "Partial Judgment" (the "April 14, 1997 judgment") on Altman's first amended motion for summary judgment, which sought judgment against Darr and the Department, but not against Hahne or on Darr's counterclaim.[1] The trial court ordered that Altman: (1) recover $25,000 in damages, plus attorney's fees, from Darr, and (2) take nothing on his claim against the Department. The "Partial Judgment" contained a Mother Hubbard clause, which stated: "All other relief not expressly granted herein is denied."

On April 21, 1997, when Altman failed to appear at a pre-trial conference, the trial court signed a dismissal order (the "April 21, 1997 dismissal order"), which stated:

On the day in the above entitled and numbered cause of action, the parties having been notified of the Trial Date and having failed to appear,

IT IS HEREBY ORDERED that the above entitled and numbered cause of action be DISMISSED FOR WANT OF PROSECUTION. Costs of court are assessed against the party incurring same.

On September 9, 1997, the trial court reinstated the case on the bases that (1) Altman's failure to timely retain this case was neither intentional nor the result of conscious indifference, but was due to an inadvertent error or mistake by the court, and (2) the case was stayed because of Hahne's bankruptcy.[2] After reinstating the case, the trial court ordered Hahne

and the Department dismissed from the case.

With the case reinstated, Altman again moved for summary judgment. On November 5, 1998, the trial court entered a "Final Judgment," granting summary judgment in favor of Altman: (1) against Darr on Altman's claim that Darr wrongfully took possession of, and foreclosed on, the motor home, and (2) on Darr's counterclaim. The trial court awarded Altman $25,000, plus attorney's fees. It is from the November 5, 1998 judgment that Darr appeals.

## II. Altman's Motion to Dismiss Appeal

Pending before this Court is Altman's motion to dismiss this appeal. Altman contends that after the trial court signed the partial summary judgment on April 14, 1997, the only claims remaining were his claims against Hahne, who was in bankruptcy, and Darr's counterclaim against him. Therefore, according to Altman, the April 14, 1997 judgment against Darr became a final judgment when the trial court dismissed the remaining claims and parties on April 21, 1997. Hence, the judgment against Darr was final and became appealable thirty days after June 27, 1997, when Darr withdrew his motion for new trial. Darr did not file his notice of appeal until February 5, 1999, and, therefore, Altman argues, this appeal is not timely.

■■■ Generally, an appeal may only be taken from a final judgment. *See Simmons v. Williams*, 976 S.W.2d 361, 362 (Tex.App.-Houston [14th Dist.] 1998, no pet.). To be a final, appealable summary judgment, the order granting the motion must dispose of all parties and issues before the court. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). A review of

---

1. The judgment was originally titled "Judgment," but the trial court holographically inserted the word "Partial" and initialed it.

2. On April 11, 1997, Hahne filed a suggestion of bankruptcy, notifying the trial court that he

had filed for chapter 13 bankruptcy, thus triggering the automatic stay of the state court litigation as to him pursuant to 11 U.S.C. § 362(a)(1) (1993).

Altman's first amended motion for summary judgment reflects that he sought summary judgment only against Darr and the Department. The court's April 14, 1997 judgment, however, contains a Mother Hubbard clause. The inclusion of a Mother Hubbard clause in an order granting summary judgment makes an otherwise partial summary judgment final for purposes of appeal. *See Bandera Elec. Co-op., Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex.1997); *Mafrige*, 866 S.W.2d at 591.[3] This is true, even when the judgment erroneously grants more relief than was requested in the motion. *See Lehmann v. Har-Con Corp.*, 988 S.W.2d 415, 417 (Tex.App.-Houston [14th Dist.] 1999, pet. granted) (citing *Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex.1997)).

Therefore, the Mother Hubbard clause, in this case, converted what was an interlocutory, partial summary judgment, granting more relief than was requested, into a final, appealable judgment. Darr would have been required to appeal this judgment. The trial court, however, dismissed the "above entitled and numbered cause of action" for want of prosecution seven days later, while it still retained plenary power.

### A. Effect of April 21 Dismissal Order

Under the Texas Rules of Civil Procedure, the trial court has plenary power to grant a new trial, or vacate, modify, correct, or reform a judgment within thirty days after signing a final judgment. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex.2000); *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam). The entry of the dismissal order vacated the April 14 judgment.

We must determine, however, whether the dismissal order disposed of all the claims in the case, including Darr's counterclaim against Altman, particularly in light of the trial court's reinstatement of the case without a verified motion to reinstate having been filed within thirty days after the dismissal. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990, orig.proceeding) (finding that in the absence of a verified motion to reinstate, the trial court's plenary power expires thirty days after the date on which it signed a final order of dismissal) (citing Tex. R. Civ. P. 165a(3)). If the dismissal order disposed of only Altman's claims against Darr, Hahne, and the Department, and not Darr's counterclaim, then the judgment is interlocutory and not appealable and the trial could reinstate the case. *See Macarangal v. Andrews*, 838 S.W.2d 632, 634 (Tex.App.-Dallas 1992, orig. proceeding [leave denied]). If, on the other hand, the dismissal order disposed of all claims, including Darr's counterclaim, the judgment is final and appealable and the trial court was without authority to reinstate the case, rendering all orders entered after that time void, including the November 5, 1998 judgment. *See id.*

To be final, a judgment must dispose of all issues and parties. *See North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). There is a presumption that the trial court "intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." *Id.* at 897–98. The Texas Supreme Court has carved out an exception to this general rule. When the case has been dismissed for want of prosecution, there is no presumption that the dismissal order also disposed of issues in an independent cross-action or counterclaim. *See Id.* (citing *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377 (1941)); *Dardari v. Texas Commerce Bank Nat'l Ass'n*, 961 S.W.2d 466, 469 (Tex.App.-Houston [1st Dist.] 1997, no pet.); *Macarangal*, 838

---

**3.** The Mother Hubbard clause in this case recites "All other relief not expressly granted herein is denied." *See Bandera Elec. Co-op., Inc.*, 946 S.W.2d at 336 n. 1 (stating a Mother Hubbard clause generally recites that all relief not expressly granted is denied).

S.W.2d at 634; *Massey v. Davis,* 650 S.W.2d 551, 554 (Tex.App.-Eastland 1983, writ ref'd n.r.e.). Here, the dismissal order made no specific mention or reference to Darr's counterclaim; therefore, his counterclaim was not dismissed and the judgment is interlocutory from which no appeal will lie. *See Davis,* 150 S.W.2d at 378 (holding that where the trial court dismisses the plaintiff's suit, but does not refer to or mention the defendant's cross-action, the judgment does not dispose of the cross-action either expressly or by implication and there is no final judgment).

■■■ An exception to the rule stated in *Davis* arises where the cross-claim or counterclaim is not independent, but is contingent upon the plaintiff's recovery, then the cross-claim or counterclaim is disposed of by implication and the dismissal order is a final judgment. *See McClelland v. Partida,* 818 S.W.2d 453, 455 (Tex.App.-Corpus Christi 1991, writ dism'd w.o.j.). Here, Darr has asserted an affirmative claim for damages for towing, storage, and repair fees. Therefore, his counterclaim is independent and was not disposed of in the dismissal order. Therefore, the dismissal order was interlocutory and the trial court retained jurisdiction to reinstate Altman's case.[4]

### B. Effect of Hahne's Bankruptcy

After reinstating the case, the trial court dismissed Hahne and the Department from the suit. Hahne, however, had filed a notice of bankruptcy. We must determine the effect of Hahne's bankruptcy proceedings on this case. If Hahne's bankruptcy proceedings prohibited his dismissal from this case, then all proceedings in this case would have been stayed and all actions taken would be void, including the November 5, 1998 judgment. However, if Hahne's dismissal from the case was proper, then his bankruptcy proceedings would have no effect on this case and the November 5, 1998 judgment is not void.

The commencement of bankruptcy proceedings operates as a stay to:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

■■■ An automatic stay is triggered when a bankruptcy petition is filed, whether or not a party or the non-bankruptcy court learns of the bankruptcy prior to taking action against the debtor. *See Paine v. Sealey,* 956 S.W.2d 803, 805 (Tex. App.-Houston [14th Dist.] 1997, no pet.). The stay provides the debtor with a period of respite in which he will have the opportunity to make plans for reorganization and remains in effect until the bankruptcy proceedings are concluded or until the property at issue is no longer in the bankruptcy estate. *See id.* at 805. When a party who has not sought relief from the

---

4. Altman contends only his claims against Hahne and Darr's counterclaims were dismissed by the April 21 dismissal order. At the top of the dismissal order are the handwritten numbers "001" and "002." Altman argues that the April 14, 1997 judgment remained in the original case, Cause No. 650,-546, and that his claims against Hahne and Darr's counterclaims were severed out of the original case into Cause Nos. 650546–001 and 650546–002. Our review of the record reveals no motion to sever or order severing any parties or claims. The notations at the top of the dismissal order, without anything further, are not sufficient to establish the trial court's intention to dismiss only the claims against Hahne and Darr's counterclaims. *See King v. Holland,* 884 S.W.2d 231, 233 (Tex. App.-Corpus Christi 1994, writ denied) (stating severance was not effective where trial court granted defendant's motion for summary judgment as to certain of plaintiff's claims, but announced the fraud claim would be severed from the others, and the severance was never reduced to writing).

bankruptcy stay attempts to commence or continue a lawsuit against the debtor, the action taken is void. *See Howell v. Thompson,* 839 S.W.2d 92, 92 (Tex.1992); *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988) (per curiam) (citing *Kalb v. Feuerstein,* 308 U.S. 433, 439, 60 S.Ct. 343, 84 L.Ed. 370 (1940)).

■■■ Generally, the automatic stay does not extend to protect non-debtor parties. *See Paine,* 956 S.W.2d at 807; *Beutel v. Dallas County Flood Control Dist.,* 916 S.W.2d 685, 692 (Tex.App.-Waco 1996, writ denied); *HBA East, Ltd. v. JEA Boxing Co.,* 796 S.W.2d 534, 536 (Tex.App.-Houston [1ˢᵗ Dist.] 1990, writ denied); *Audio Data Corp. v. Monus,* 789 S.W.2d 281, 286 (Tex.App.-Dallas 1990, no writ). An exception exists when the claims against debtor and non-debtor parties are "inextricably intertwined." *See Carway v. Progressive County Mut. Ins. Co.,* 183 B.R. 769, 775 (S.D.Tex.1995) (citing *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1001 (4ᵗʰ Cir.1986)); *Federal Life Ins. Co. (Mut.) v. First Fin. of Tex., Inc.,* 3 B.R. 375, 376–77 (S.D.Tex.1980).

■■■ The dismissal of a defendant/debtor from a lawsuit does not violate the bankruptcy stay. *See Orion Inv., Inc. v. Dunaway & Assocs., Inc.,* 760 S.W.2d 371, 374 (Tex.App.-Fort Worth 1988, writ denied) (holding nonsuit does not violate bankruptcy stay because it is a termination of the case against the debtor); *Weaver v. Jock,* 717 S.W.2d 654, 658 (Tex.App.-Waco 1986, writ ref'd n.r.e.) (holding nonsuit

does not frustrate purpose of bankruptcy stay, which is to protect the debtor against further actions and to ensure equal treatment of creditors); *see also Independent Union of Flight Attendants v. Pan Am. World Airways, Inc.,* 966 F.2d 457, 459 (9ᵗʰ Cir.1992) (holding dismissal is not precluded by bankruptcy stay); *Dennis v. A.H. Robins Co.,* 860 F.2d 871, 872 (8ᵗʰ Cir.1988) (finding that dismissal does not violate the purpose of bankruptcy stay); *Chase Manhattan Bank, N.A. v. Celotex Corp.,* 852 F.Supp. 226, 228 (S.D.N.Y.1994) (finding dismissal of a case against the debtor assists rather than interferes with the goal of Chapter 11); *Zelaskowski v. Johns–Manville Corp.,* 578 F.Supp. 11, 17 (D.N.J.1983) (finding dismissal of debtor does not contravene the purpose of the stay provision).[5] Therefore, we find that Hahne's subsequent dismissal did not violate the bankruptcy stay and the November 5, 1998 judgment is not void, but is the final, appealable judgment in this case. Accordingly, Altman's motion to dismiss Darr's appeal as untimely is denied.

### III. Deemed Admissions

■■■ Darr contends the trial court abused its discretion in refusing to strike deemed admissions, which were submitted in support of Altman's motions for summary judgment. When a party does not return answers to requests for admissions within thirty days, the matters in the requests are deemed admitted against that party. *See Wal–Mart Stores, Inc. v. Deggs,* 968 S.W.2d 354, 355 (Tex.1998) (cit-

---

5. The Corpus Christi Court of Appeals, on the other hand, has determined that an order dismissing a case for want of prosecution violates the stay as a continuation of proceedings against the debtor. *See Sanchez v. Hester,* 911 S.W.2d 173, 176 (Tex.App.-Corpus Christi 1995, orig. proceeding [leave denied]); *see also Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372–73 (10ᵗʰ Cir. 1990) (observing that although the stay operates to ensure that the debtor has a "breathing spell" from his creditors, the fact that the judgment is entered in favor of the debtor does not change the rule that any action taken

in violation of the stay is void); *Pope v. Manville Forest Prods. Corp.,* 778 F.2d 238, 239 (5ᵗʰ Cir.1985) (noting that because § 362 makes no specific reference to the dismissal of judicial proceedings, the stay must be construed to apply to dismissal because the entry of an order of dismissal constitutes a judicial act toward the disposition of the case and may be construed as a "continuation" of a judicial proceeding). Because we believe *Orion Inv., Inc.* and the other cases before it are better reasoned decisions, we decline to follow the reasoning in *Sanchez.*

ing TEX. R. CIV. P. 169).[6] A party, however, may withdraw deemed admissions "upon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." TEX. R. CIV. P. 169(2). A party can establish good cause by showing that its failure to answer was accidental or the result of mistake, rather than intentional or the result of conscious indifference. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996). Because the trial court has broad discretion in permitting or denying the withdrawal of deemed admissions, the appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *See id.*

Darr contends he did not timely respond to the requests for admissions because he was never served with the requests. The certificate of service reflects that the requests for admissions to Darr were mailed to his attorney on January 26, 1995. Darr complains the certificate of service is defective because it is dated six months prior to the commencement of the lawsuit. The certificates of service on the requests to Hahne and the Department reflect that they were mailed on January 26, 1996. The incorrect year on the request to Darr appears to be an inadvertent mistake, which is of no consequence here.

■ On March 15, 1996, however, Altman mailed his first motion for summary judgment to Darr's attorney, attaching the unanswered requests for admissions as summary judgment evidence. Darr waited until June 21, 1996, to file a verified motion to strike the deemed admissions and to extend time to answer because he had "not received Plaintiff's Request for Admissions." Darr was on notice in March 1996, that Altman had at least at-

tempted to serve the requests. While not receiving the requests for admissions would have constituted good cause for allowing the withdrawal of the deemed admissions, waiting three months after receiving the motion for summary judgment with the attached requests to either answer the requests or move to withdraw the deemed admissions vitiated that good cause. *See, e.g., Spiecker v. Petroff*, 971 S.W.2d 536, 541–42 (Tex.App.-Dallas 1997, no pet.) (finding that failure to respond was due to clerical error, but that responses and motion to extend time were filed immediately upon discovery of error, establishing good cause for the withdrawal of deemed admissions); *Burden v. John Watson Landscape Illumination, Inc.*, 896 S.W.2d 253, 255 (Tex.App.-Eastland 1995, writ denied) (same).

Darr further contends the trial court abused its discretion in not striking the deemed admissions because Altman's requests were an effort to establish Darr's: (1) liability on his claims, and (2) lack of any ground of defense. The purpose of Rule 169 is to eliminate matters about which there is no real controversy, but which may be difficult or expensive to prove. Rule 169 "was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Stelly*, 927 S.W.2d at 622; *see also In re Estate of Herring*, 970 S.W.2d 583, 589 (Tex.App.-Corpus Christi 1998, no pet.) (citing *Birdo v. Parker*, 842 S.W.2d 699, 700 (Tex.App.-Tyler 1992, writ denied)) (stating that "it is improper to request that the opposing party admit or deny each and every allegation made in his or her petition, and such a request will not result in a deemed admission").

Some of Altman's requests to Darr improperly request Darr to admit to his liability on Altman's claims and to admit he has no basis for any defense against those

---

6. Rule 169 was repealed effective January 1, 1999. The rule regarding requests for admissions is currently found at TEX. R. CIV. P. 198 without substantive change. We will cite to Rule 169 because it was in effect at the time of the entry of the trial court's judgment.

claims. Altman's remaining requests, however, are properly directed to the facts surrounding Altman's claims. Moreover, Altman did not solely rely on the deemed admissions, but instead, he submitted other evidence in support of his third amended motion for summary judgment and his motion for summary judgment on Darr's counterclaim. On appeal, Darr addresses neither Altman's other summary judgment evidence nor challenges the merits of the summary judgments granted in favor of Altman. Absent any argument with supporting references to the record or citations to authority, we will not consider the merits of the summary judgments. *See* Tex. R. App. P. 38.1(h). All of Darr's issues are overruled. Accordingly, the trial court's judgment dated November 5, 1998, is affirmed.