Affirmed and Opinion filed July 3, 2002









Affirmed and Opinion filed July 3, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00912-CV

____________

 

PREPARED TABLE, INC. and HAROLD
WILCOX, Appellants

 

V.

 

ASSURED LEARNING CENTERS OF AMERICA,
INC., Appellee

 



 

On Appeal from the 61st District
Court

Harris County, Texas

Trial Court Cause No. 01-00980

 



 

O P I N I O N

Appellants, Prepared Table, Inc. (“PTI”) and Harold Wilcox (“Wilcox”),
appeal the entry of summary judgment in favor of appellee, Assured Learning
Centers of America, Inc. (“ALCA”).  We
affirm.

Factual and
Procedural Background








In 2000, All Saints Academy (“ASA”)
ceased operations without returning or paying for over $65,000 in educational
materials provided by ALCA.  Shortly
thereafter, PTI purchased the building out of which ASA had operated, enrolled
many of ASA’s former students, and hired a number of
its teachers and administrators.  ALCA
then contacted PTI regarding recovery of the materials.  ALCA’s efforts,
however, proved fruitless, as Wilcox, PTI=s superintendent, instructed his
staff to ignore the requests.

ALCA sued PTI and Wilcox for conversion.  Both defendants answered with a general
denial, whereupon ALCA sent them requests for admissions.  When the requests went unanswered, and were
thus deemed admitted, ALCA moved for summary judgment on the basis that its
cause of action had been established as a matter of law.  Without acknowledging their failure to
respond to ALCA=s requests for admissions, PTI and Wilcox simply argued that ALCA’s motion for summary judgment should be denied.  The trial court granted ALCA’s
motion for summary judgment, and this appeal ensued.

Appellants assert two points of error that: (1) genuine
issues of material fact exist as to whether conversion occurred; and, (2)
because PTI is an open-enrollment charter school, the doctrine of sovereign
immunity shields it from liability.

Standard of Review

The standards for reviewing a traditional summary judgment
are well established.  See Sysco Food Servs. v. Trapnell, 890 S.W.2d 796, 800 (Tex. 1994).  In a summary judgment proceeding, the
plaintiff, as movant, must conclusively prove its entitlement to prevail on
each element of the cause of action as a matter of law.  Harwell v. State Farm Mut.
Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).  Once the plaintiff establishes its right to
judgment as a matter of law, the burden shifts to the defendant to respond to
the plaintiff=s motion.  Brownlee v. Brownlee, 665 S.W.2d 111, 112
(Tex. 1984).  When pleading an
affirmative defense to avoid summary judgment, the defendant must come forward
with evidence sufficient to raise a material fact issue on each element of its
affirmative defense.  Id.








Conversion

“‘The unauthorized and wrongful
assumption and exercise of dominion and control over the personal property of
another, to the exclusion of or inconsistent with the owner=s rights, is in law a conversion.’”  Hunt v. Baldwin, 68 S.W.3d 117, 131
(Tex. App.CHouston [14th Dist.] 2001, no pet.)
(quoting Waisath v. Lack=s Stores, Inc., 474 S.W.2d 444, 447 (Tex.
1971)).  To be entitled to summary
judgment on its claim of conversion, therefore, ALCA was required to show: (1)
it owned, had legal possession of, or was entitled to possession of the
property at issue; (2) PTI and Wilcox assumed and exercised dominion and
control over the property in an unlawful and unauthorized manner, to the
exclusion of and inconsistent with ALCA’s rights; and (3) PTI and Wilcox
refused ALCA=s demand for return of the
property.  Id. (citing Akin v.
Santa Clara Land Co., Ltd., 34 S.W.3d 334, 344 (Tex. App.CSan Antonio 2000, pet. denied)).

When a party does not return answers to requests for
admissions within thirty days from receipt of service, the matters in the
requests are deemed admitted against that party. Tex. R. Civ. P. 198.2; Wal-Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 355 (Tex. 1998); Darr v. Altman, 20 S.W.3d 802, 807 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  In the instant case, ALCA served
its requests for admissions on PTI and Wilcox on March 28, 2001.  Neither PTI nor Wilcox ever responded, or
sought to withdraw or amend the resulting deemed admissions.  Consequently, PTI and Wilcox admitted that
they refused to pay for educational materials belonging to ALCA that were in
their possession, custody or control, had no excuse for withholding payment or
returning the educational materials, and owed ALCA at least $70,000 “for
wrongfully exerting control over [ALCA]’s property to the detriment of [ALCA]’s
financial and possessory interest in the educational materials.”  PTI and Wilcox, therefore, admitted all facts
necessary to establish conversion as a matter of law. No genuine issues of
material fact remain.  Accordingly,
appellants’ first point of error is overruled.









Sovereign Immunity

An open-enrollment charter school is part of the public
school system of Texas.  Tex. Educ. Code Ann.
' 12.105 (Vernon Supp. 2002).  As such, in matters related to its operation,
the school “is immune from liability to the same extent as a school district,
and its employees and volunteers are immune from liability to the same extent
as school district employees and volunteers.” 
Id. ' 12.1056. 
Consequently, as an open-enrollment charter school and a superintendent
thereof, PTI and Wilcox respectively aver they cannot be held liable for
conversion of ALCA=s property.[1]

The defense of immunity from liability is, however, an
affirmative defense.  Kinnear
v. Texas Comm’n on Human Rights, 14 S.W.3d 299,
300 (Tex. 2000).  PTI and Wilcox were
thus required to come forward with summary judgment evidence sufficient to
raise an issue of fact on each element of the defense to avoid summary
judgment.  Brownlee, 665 S.W.2d at
112 (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678B79 (Tex. 1979); Life Ins. Co. of
Virginia v. Gar-Dal, Inc., 570 S.W.2d 378, 381
(Tex. 1978)).  Moreover, A[a] mere pleading or a response to
the summary judgment does not satisfy this burden.@ 
American Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex.
1994) (citing Clear Creek Basin Auth., 589 S.W.2d at 678); Keenan v.
Gibraltar Sav. Ass=n, 754 S.W.2d 392, 394 (Tex. App.CHouston [14th Dist.] 1988, no writ)
(noting that pleadings and responses, even if verified, are not summary
judgment evidence).








In support of their response to ALCA=s motion for summary judgment,
appellants= offered as evidence an affidavit
authored by Wilcox.  That affidavit,
however, was struck by the trial court, and neither PTI nor Wilcox have
challenged that action on appeal.  Thus,
the record is devoid of any summary judgment evidence supporting appellants’
claims that they are entitled to immunity from liability.  Accordingly, appellants’ second point of
error is overruled.

The judgment of the trial court is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed July 3, 2002.

Panel consists of
Justices Hudson, Fowler, and Duggan.*

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  ALCA contends
neither PTI nor Wilcox pled the affirmative defense of immunity from liability,
and thus waived consideration of this issue on appeal.  We note, however, that the defense was raised
by appellants in their combined response to ALCA=s motion
for summary judgment and motion for summary judgment.  As a consequence, it may properly be
examined.  See Montemayor
v. Chapa, 61 S.W.3d 758, 763 (Tex. App.CCorpus
Christi 2001, no pet.) (noting that, where affirmative defenses are raised in a
motion for summary judgment, they are put openly in issue in accordance with
Texas Rule of Civil Procedure 94); Marshall v. Toys-R-Us Nytex,
Inc., 825 S.W.2d 193, 195 (Tex. App.CHouston
[14th Dist.] 1992, writ denied) (recognizing that Aa motion for summary judgment is a pleading@).





*  The Honorable
Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at
Houston, participating by assignment.