# NO. 12-22-00009-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: SEIDLER OIL & GAS DEVELOPMENT, LLC AND CHAMBERLAIN RESOURCES, LLC, RELATORS* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

Seidler Oil & Gas Development, LLC and Chamberlain Resources, LLC (collectively Relators) filed a petition for writ of mandamus challenging Respondent's order denying Chamberlain Resources, LLC's motion to dismiss for want of prosecution the lawsuit filed by Real Party in Interest Multi-Shot, LLC d/b/a MS Energy Services.[1]  We conditionally grant the writ.

## BACKGROUND

On April 22, 2015, MS Energy Services (MS Energy) filed the underlying suit for breach of contract and suit on sworn account against Seidler Oil & Gas Development, LLC (SOGD) for alleged unpaid well services and made mineral lien claims against Seidler Oil & Gas Operating, LLC (SOGO), SOGD, Chamberlain Resources, LLC (Chamberlain), and Seafund Holding, LP (Seafund) as alleged owners of the mineral interests.

On October 22, 2015, SOGO filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Texas.  The next day, SOGO filed its Notice of Bankruptcy in the trial court.  The notice stated that all claims against SOGO were stayed but did not indicate that the stay applied to other parties in the underlying case, and Respondent was not asked to stay or abate the underlying case.  On January 30, 2019, SOGO's Chapter 7 bankruptcy case was closed.

---

[1] Respondent is the Honorable Pam Foster Fletcher, Judge of the 349th District Court in Houston County, Texas.

During the pendency of the bankruptcy proceedings and for more than fourteen months thereafter, MS Energy took no action in the trial court in furtherance of its litigation against the other defendants until, on April 7, 2020, it served its Second Set of Requests for Production on Chamberlain. Thereafter, on February 8, 2021, MS Energy served a deposition notice for Chamberlain's corporate representative. Chamberlain moved to quash the deposition.

In August 2021, MS Energy moved for sanctions and sought to compel the previously noticed deposition and accompanying requested production of documents. Chamberlain responded and, further, moved to dismiss the case for want of prosecution under Respondent's inherent authority to do so. MS Energy did not file a response to Chamberlain's motion to dismiss.

Respondent conducted a hearing on the matter, at which MS Energy argued generally in response to the motion to dismiss that the automatic stay also applied to Relators because they and SOGO are so "intertwined" that they are "essentially the accounts receivable of the bankrupt entity." However, MS Energy cited no authority and offered no evidence in support of this explanation for the more than four-year delay in its prosecution of its suit. Ultimately, Respondent denied Chamberlain's motion to dismiss, and Relators filed this petition for writ of mandamus.

### AVAILABILITY OF MANDAMUS

Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding). Whether a clear abuse of discretion adequately can be remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on the circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding). "Such a danger arises when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." *Id.* A trial court's

erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal. *In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (per curiam, orig. proceeding). Accordingly, mandamus review is appropriate in this case. *See id.*

## DENIAL OF MOTION TO DISMISS FOR WANT OF PROSECUTION

In their petition, Relators argue that Respondent abused her discretion by denying their motion to dismiss because MS Energy failed to prosecute the case with diligence and establish good cause for its lack of diligence.

### Standard of Review and Applicable Law

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). This standard has different applications in different circumstances. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id.* The relator must show that the trial court reasonably could have reached only one conclusion. *Id.* at 840. Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id.*

A plaintiff has a duty to prosecute its suit to a conclusion with reasonable diligence, failing which a trial court may dismiss the suit for want of prosecution. *See In re Conner*, 458 S.W.3d at 534. A delay of unreasonable duration, if not sufficiently explained, raises a conclusive presumption of abandonment of the plaintiff's case. *Id.* This presumption justifies dismissal of a suit under either a trial court's inherent authority or Texas Rule of Civil Procedure 165a. *Id.*

"[D]ismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit." *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.–Waco 2005, pet. denied). Although trial courts generally have considerable discretion when managing their dockets, such discretion is not absolute. *In re Conner*, 458

3

S.W.3d at 534; ***In re Bordelon***, 578 S.W.3d 197, 201 (Tex. App.–Tyler 2019, orig. proceeding). A "trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of unmitigated and unexplained delay." ***In re Conner***, 458 S.W.3d at 534; ***In re Bordelon***, 578 S.W.3d at 201.

When the trial court relies on its inherent authority to dismiss a case, it may do so when the case has not been prosecuted with due diligence. *See* ***Polk v. Sw. Crossing Homeowners Ass'n***, 165 S.W.3d 89, 97 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). To determine whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for the delay. ***Id.***

The filing of a bankruptcy petition operates as an automatic stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," or "any act to create, perfect, or enforce any lien against property of the estate." ***Houston Pipeline Co. LP v. Bank of Am., N.A.***, 213 S.W.3d 418, 424 (Tex. App.–Houston [1st Dist.] 2006, no pet.). The Bankruptcy Code defines property of the estate broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." ***Id.*** The automatic stay encompasses a wide swath of legal actions, including litigation, lien enforcement, and administrative proceedings, that could affect or interfere with the property of the bankrupt's estate. ***Id.*** at 425. The automatic stay generally does not extend to protect nondebtor parties. ***Darr v. Altman***, 20 S.W.3d 802, 807 (Tex. App.–Houston [14th Dist.] 2000, no pet.). An exception applies, however, "when the claims against the debtor and nondebtor parties are inextricably intertwined." ***Id.***

## Discussion

In the instant case, the record reflects that MS Energy filed its lawsuit on April 22, 2015. The record further reflects that from the October 23, 2015 date of SOGO's notice of bankruptcy, MS Energy failed to take any action in furtherance of the prosecution of its case against Relators until April 7, 2020, a period of nearly four and one-half years and a period of more than fourteen months after SOGO's bankruptcy was closed and the stay was lifted on January 30, 2019. *See, e.g.*, ***Rainbow Home Health, Inc. v. Schmidt***, 76 S.W.3d 53, 56–57 (Tex. App.–San Antonio

4

2002, pet. denied) (holding that trial court did not abuse its discretion in dismissing suit for want of prosecution where for period of twenty-three months, "little to no activity had occurred on the case" and the plaintiff failed to offer sufficient excuse for inactivity).  The record does not indicate that MS Energy ever requested a trial setting.  *See Polk*, 165 S.W.3d at 97.

At the hearing on Chamberlain's motion to dismiss for want of prosecution, MS Energy sought to explain its inaction, stating that the automatic stay resulting from SOGO's bankruptcy filing applied to Relators based on an exception to the general rule that a bankruptcy stay applies only to the debtor.  It elaborated generally that Relators are interest holders in the leasehold estate for the wells at issue, the trapping notices for the funds at issue all pertain to parts of the bankruptcy estate, and Relators are "interrelated" with SOGO because they are "essentially the accounts receivable of the bankrupt entity."  Yet MS Energy filed no response to Chamberlain's motion to dismiss for want of prosecution and presented no evidence or authority to Respondent at the hearing to support its contention that Relators, by virtue of their relationship to SOGO, also were subject to the automatic stay under this exception.

We reiterate that MS Energy had the burden of offering a sufficient, reasonable explanation for the approximately four and one-half year delay of its prosecution of its claims against Relators so as to avoid the conclusive presumption of its abandonment of its case.  *See In re Conner*, 458 S.W.3d at 534.  Furthermore, we remain mindful that the general rule with regard to bankruptcy filings is that the automatic stay applies only to the debtor.  *See Darr*, 20 S.W.3d at 807.  Based on our review of the record, MS Energy's unsubstantiated representations during the hearing on Chamberlain's motion were, without more, inadequate to explain sufficiently why its claims against Relators also were subject to the automatic stay under the exception to the general rule that the automatic stay applies only to the debtor and, as a result, the purported reasonableness of the period of complete inactivity it undertook purportedly in reliance on that exception.  *See MacGregor v. Rich*, 941 S.W.2d 74, 75–76 (Tex. 1997) (court acknowledged general rule regarding bankruptcy stay applying only to debtor and concluded that trial court did not abuse its discretion in finding that plaintiffs failed to show good cause for reinstatement of suit where plaintiffs attributed delay in prosecuting suit for over five years to various bankruptcy proceedings but offered no evidence to support how bankruptcies interfered with prosecution of suit).

At a minimum, MS Energy should have provided Respondent with authority for the exception to the general rule on which it supposedly had relied in reaching its conclusion that the stay applied to Relators, as well as a modicum of evidence supporting its purported "interrelation" between Relators and SOGO. Because it did not, all that remained was a conclusive presumption that it had abandoned its case. *See **In re Conner***, 458 S.W.3d at 534. Therefore, we hold that Respondent's denial of Chamberlain's motion to dismiss for want of prosecution amounted to an abuse of its discretion.

## CONCLUSION

Having concluded that Respondent abused her discretion in rendering an order denying Chamberlain's motion to dismiss for want of prosecution and that Relators do not have an adequate remedy on appeal, we ***conditionally grant*** mandamus relief. We trust that Respondent will promptly vacate her order of December 13, 2021, in which she denied Chamberlain's motion and render an order granting said motion and dismissing MS Energy's suit against Relators for want of prosecution. The writ will issue only if Respondent fails to comply with this court's opinion and order ***within ten days***. Respondent shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance.

**BRIAN HOYLE**
Justice

Opinion delivered April 6, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**APRIL 6, 2022**

**NO. 12-22-00009-CV**

**SEIDLER OIL & GAS DEVELOPMENT, LLC
AND CHAMBERLAIN RESOURCES, LLC,**
Relators
V.

**HON. PAM FOSTER FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **SEIDLER OIL & GAS DEVELOPMENT, INC. AND CHAMBERLAIN RESOURCES, LLC**; who are the relators in appellate cause number 12-22-00009-CV and the defendants in trial court cause number 2020-00507-3, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on January 14, 2022, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, ***conditionally granted***.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate that portion of the order of December 13, 2021, in which she denied

7

Chamberlain's motion and render an order granting said motion and dismissing MS Energy's suit against Relators for want of prosecution; the writ will not issue unless the **HONORABLE PAM FOSTER FLETCHER** fails to comply with this Court order within ten (10) days from the date of this order.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*