

## NUMBER 13-22-00526-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**MIDWAY HOSPITALITY, L.P.,**                            **Appellant,**

**v.**

**BERRYHILL HOT TAMALES CORPORATION,**           **Appellee.**

### On appeal from the 272nd District Court
### of Brazos County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Midway Hospitality, L.P.'s (Midway) attempts to appeal from an interlocutory order dismissing its suit against appellee BerryHill Hot Tamales Corporation (BerryHill) for want of prosecution. On July 11, 2023, the Clerk of this Court sent a letter informing Midway that it appeared it was attempting to appeal an order which was not a final appealable order. The Clerk informed Midway that, if this defect was not cured within ten days from

the date of receipt of the letter, the appeal would be dismissed. Midway did not file a response. Because the trial court's dismissal order is not a final judgment or an appealable interlocutory order, we dismiss this appeal for want of jurisdiction.[1]

## I.   BACKGROUND

On July 14, 2021, Midway sued BerryHill for breach of contract for alleged unpaid rent and attorney's fees. On January 14, 2022, the trial court issued its signed "Notice of Intent to Dismiss for Want of Prosecution" which stated in relevant part the following:

> Pursuant to Texas Rule of Civil Procedure 165a and Local Rule 3.22, you are hereby notified that this case is set for DISMISSAL FOR WANT OF PROSECUTION on July 28, 2022 ("submission date[")]) unless one of the following actions checked below is taken prior to said submission date:
>
> X     have Defendant(s) served with process; AND
>
> X     file Business Records Affidavit in the proper form and content to comply with statutory requirements; AND
>
> X     an Agreed Order, Motion for Default Judgment, Final Decree, Judgment[,] or Dismissal has been filed and signed by this Court; AND/OR
>
> X     a setting request to set the case for hearing/trial/default has been filed; *This Setting Request form can be obtained at brazoscountytx.gov (Government; Courts; Forms)*
>
> . . . .
>
> If none of the actions listed above are taken, then a verified motion, showing good cause to retain the case or diligence in prosecution to avoid dismissal, must be filed prior to the submission date. The Court will rule on any such motion for retention on the docket without a hearing unless one is requested by any party.

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

BerryHill was served with Midway's original petition on January 28, 2022. BerryHill filed its answer denying all allegations and asserting several affirmative defenses on February 18, 2022. On the same day, BerryHill also filed counterclaims for breach of contract and fraud, and seeking relief in the form of a declaratory judgment, damages, exemplary damages, attorney fees, and court costs.

On March 14, 2022, the trial court issued its "Notice of Setting," which informed the parties that a status hearing was set for May 5, 2022. In addition, the notice indicated that the trial court set a hearing regarding its notice of dismissal for want of prosecution on July 28, 2022, noting that the hearing was "not an appearance docket[.]" The trial court's docket sheet regarding this case indicates a status hearing was held on May 5, 2022; however, a transcript of this hearing was not designated for inclusion in the appellate record or provided to this Court.

On July 26, 2022, Midway filed a request for a bench trial setting. However, on July 27, 2022, at 11:27 a.m., the trial court's court coordinator informed Midway via email that it would not consider the request because it failed to "properly provide/include opposing counsel of record." At 11:50 a.m. on the same day, Midway filed another request for a bench trial setting properly designating one of BerryHill's attorneys of record for service.[2] Later that day at 1:44 p.m., BerryHill filed its jury trial setting request. Subsequently, at 4:34 p.m., BerryHill filed its "Response and Opposition to Plaintiff's Setting Request," which addressed Midway's July 26, 2022 attempted bench trial setting request, but not its July 27, 2022 bench trial setting request. In said response, BerryHill opposed

_____

[2] Nothing in the record indicates this bench trial setting request was not processed or accepted by the trial court's court coordinator.

"Plaintiff's Setting Request and preference dates without proper designation of all counsel of record," and requested the trial court to dismiss Midway's case or set the case for jury trial.

On July 29, 2022, the trial court signed and entered its "Order Dismissing Case for Want of Prosecution." The order stated, in its entirety, the following:

> On July 28, 2022, the court reviewed the case file, and made the following findings and orders:
>
> The Court has previously given Notice of Disposition Deadline to all parties of record and its intent to dismiss this case for want of prosecution on July 28, 2022. The Court finds that the required action was not accomplished and no good cause was shown in writing why the case should not be dismissed.
>
> IT IS THEREFORE ORDERED that this case be and is hereby DISMISSED FOR WANT OF PROSECUTION. (Tex.R.Civ.Pro. Rule 165a)[.] Any party may file a verified motion to reinstate this case within thirty (30) days from the date this Order is signed in accordance with Rule 165a(3) of the Texas Rules of Civil Procedure.
>
> IT IS FURTHER ORDERED that the District Clerk of Brazos County, Texas, immediately give notice to the parties or their attorneys of record by first-class mail of the signing of this Order. (Tex.R.Civ.Pro. Rule 306a)

Midway timely filed its verified motion to reinstate on August 19, 2022. On September 6, 2022, BerryHill filed its response to Midway's motion to reinstate. The trial court held a hearing on Midway's motion to reinstate; however, no transcript of this hearing was designated for inclusion in the appellate record or provided to this Court. On October 10, 2022, the trial court entered its order denying Midway's motion to reinstate, which stated in relevant part:

> On October 3, 2022, came on to be heard and considered Plaintiff's Motion to Reinstate the above entitled and numbered cause; and the Court, after reviewing the motion, together with the response and opposition thereto and

4

argument of counsel, finds that the motion should be denied.[]

IT IS ORDERED that Plaintiff's Motion to Reinstate the above entitled and numbered cause is DENIED.

This appeal followed.

## II.   JURISDICTION

Appeals may be taken only from final judgments unless a statute or rule allows an interlocutory appeal. *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of all claims and all parties or unless it clearly and unequivocally states that it finally disposes of all parties and all issues." *Lehmann*, 39 S.W.3d at 205. "Language [stating] that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties". *Id.* "But if the record reveals the existence of parties or claims not mentioned in the order, the order is not final." *Id.* at 206. "An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim." *Id.*

When a case has been dismissed for want of prosecution, there is no presumption that the dismissal order also disposed of issues in an independent cross-action or counterclaim. *See N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966) (citing *Davis v. McCray Refrigerator Sales Corp.*, 150 S.W.2d 377, 378 (Tex. 1941)); *Darr v. Altman*, 20 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Dardari v. Tex. Com. Bank Nat'l Ass'n*, 961 S.W.2d 466, 469 (Tex. App.—Houston [1st Dist.]

1997, no pet.); *Macarangal v. Andrews*, 838 S.W.2d 632, 634 (Tex. App—Dallas 1992, orig. proceeding); *Massey v. Davis*, 650 S.W.2d 551, 554 (Tex. App.—Eastland 1983, writ ref'd n.r.e.); *In re Sierra Title*, Nos. 13-10-055-CV & 13-10-099-CV, 2010 WL 1019632, *3 (Tex. App.—Corpus Christi–Edinburg March 18, 2010, orig. proceeding) (mem. op.) (per curiam); *Seavall v. Cadle Co.*, No. 03-19-000160-CV, 2019 WL 5406565, *1 (Tex. App.—Austin Oct. 23, 2019, no pet.) (mem. op.). In contrast, where a cross-claim or counterclaim is contingent upon the plaintiff's recovery, and is therefore not independent, the cross-claim or counterclaim is disposed of by implication and the dismissal order is a final judgment. *See Darr,* 20 S.W.3d at 806; *McClelland v. Partida*, 818 S.W.2d 453, 455 (Tex. App.—Corpus Christi–Edinburg 1991, writ dism'd w.o.j.); *In re Sierra Title*, 2010 WL 1019632 at *3.

Here, the order of dismissal does not clearly and unequivocally state that it finally disposes of all parties and all issues. *See Lehmann*, 39 S.W.3d at 205. Accordingly, we examine the record to see if it reveals the existence of parties or claims not mentioned in the order. *Id.*

The record demonstrates that prior to the trial court's dismissal order, BerryHill filed counterclaims alleging breach of contract and fraud and seeking declaratory relief, damages, exemplary damages, attorney fees, and court costs. None of BerryHill's counterclaims are contingent upon Midway's recovery, and therefore they were not disposed of by implication in the trial court's dismissal order. *See Darr,* 20 S.W.3d at 806; *McClelland*, 818 S.W.2d at 455; *see also In re Sierra Title*, 2010 WL 1019632 at *3.

6

We note that, when a final judgment resolves all claims in a case, any previous interlocutory judgment or order is merged into that final judgment. *See, e.g., Parking Co. of Am. v. Wilson*, 58 S.W.3d 742, 742 (Tex. 2001); *Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex. 1972); *Radelow–Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558, 560 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) ("Interlocutory judgments by the trial court are merged into the final judgment and thus become final for purposes of appeal, whether or not the interlocutory judgment is specifically named within the final judgment."). But here, the record contains no prior or subsequent order resolving BerryHill's counterclaims; therefore, the trial court's dismissal order did not become final through merger. *Cf. Tex. Sting, Ltd., v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 n. 4 (Tex. App.—San Antonio 2002, pet. denied) (holding, where trial court dismissed plaintiffs' claims for want of prosecution and later rendered default judgment against plaintiffs on defendant's counterclaim, that default judgment constituted final disposition of all of parties' claims); *Campbell v. Kosarek*, 44 S.W.3d 647, 649 (Tex. App.—Dallas 2001, pet. denied) (finding interlocutory dismissal order was made final on disposition of remaining parties).

BerryHill's counterclaims remain pending, and thus, there is no final judgment. *See Lehman*, 39 S.W.3d at 205–206. The trial court's dismissal order is also not an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE Ann. § 51.014.

### III.    CONCLUSION

Absent a final judgment or appealable interlocutory order, we lack jurisdiction over an appeal, and we must dismiss it. *See Lehman*, 39 S.W.3d at 195. Accordingly, we

7

dismiss this appeal for want of jurisdiction.[3]  *See* TEX. R. APP. P. 42.3(a), 43.2(f).

NORA L. LONGORIA
Justice

Delivered and filed on the
24th day of August, 2023.

---

[3] Our dismissal of this appeal does not bar Midway from pursuing an appeal from a future final and appealable judgment rendered in this case.