ADP DEALER SERVICES GROUP, et al., Appellants,

v.

CARROLL MOTOR COMPANY d/b/a Miller Kehl Motor Co., et al., Respondents.

No. ED 86139.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 6, 2005.

Jay L. Kanzler, Jr., St. Louis, MO, for appellants.

Louis J. Leonatti, Mexico, MO, Isidore I. Lamke, Washington, MO, for respondents.

ROBERT G. DOWD, JR., Judge.

ADP Dealer Services Group ("ADPDS") and ADP Leasing ("ADPL")(collectively referred to as "Plaintiffs") appeal from the trial court's judgment dismissing their petition with prejudice against Carroll Motor Company d/b/a Miller–Kehl Motor Co. ("Miller–Kehl") and Audrain County Motor Company, Inc. f/k/a Franklin County Auto Management d/b/a Auffenberg Motor Co. ("Auffenberg")(collectively referred to as "Defendants") for breach of contract under a lease agreement and a service agreement. On appeal, Plaintiffs argue the trial court erred in dismissing their petition because (1) the proper party, ADP, Inc., was identified in the petition and has the capacity to sue, (2) Defendants waived any argument that Plaintiffs lacked

capacity to sue, (3) the trial court impermissibly considered matters outside the pleadings, and (4) the trial court failed to make the necessary findings under Rule 52.04. We affirm.

Miller–Kehl operated a car dealership in Mexico, Missouri.[1] Auffenberg is a car dealership operating in Mexico, Missouri. Plaintiffs are divisions of ADP, Inc., a Delaware corporation with its principal place of business in the State of New Jersey.

On October 14, 1994, Miller–Kehl entered into a Master Equipment Lease Agreement with ADPL for the lease of certain equipment related to the operation of the dealership. On August 4, 1998 and August 28, 1998, Miller–Kehl executed a Supplemental Agreement and Schedule to the Master Lease Agreement with ADPL ("Lease Agreement").

On March 15, 1999, Miller–Kehl entered into an Asset Purchase Agreement in which Auffenberg purchased the assets and liabilities of Miller–Kehl, including the Lease Agreement. Auffenberg continued to make payments to ADPL for use of the equipment until January 2001. Auffenberg allegedly defaulted under the terms of the Lease Agreement, and ADPL took possession of the equipment and demanded payment of the balance of payments due.

On June 21, 1999, following execution of the Asset Purchase Agreement, Auffenberg executed a Master Services Agreement ("Services Agreement") with ADPDS, under which Auffenberg agreed to pay ADPDS for equipment, software, maintenance and support services described in the Services Agreement. Auffenberg allegedly defaulted in the payment of sums under the Services Agreement and ADPDS declared all unpaid indebtedness immediately due.

Plaintiffs then filed a cause of action against Defendants in the United States District Court for the Eastern District of Missouri. Both Defendants filed motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction based on the premise that the $75,000 federal subject matter jurisdictional requirement was not met and that the interests of the two separate Plaintiffs, ADPL and ADPDS, could not be combined to reach the $75,000 jurisdictional threshold. Miller–Kehl further argued that it should be dismissed from the case because ADPL had not met its jurisdictional amount in controversy as to the claim against it.

The federal district court entered an order dismissing the lawsuit for lack of subject matter jurisdiction. The federal district court found that the jurisdictional amount, $75,000, was not met as to Miller–Kehl, and the claim was dismissed as to Miller–Kehl. The federal district court also found that the real party in interest was ADP, Inc., and not ADPL and ADPDS. In its order, the federal district court gave Plaintiffs 10 days in which to file an amended complaint naming ADP, Inc. as the real party in interest. Rather than refile in federal court, Plaintiffs filed the identical lawsuit in the Circuit Court of Audrain County, Missouri. In their two-count petition, Plaintiffs again alleged Auffenberg and Miller—Kehl defaulted in the payment of the sums due under the Lease Agreement and alleged Auffenberg defaulted in the payment of the sums due under the Services Agreement. In Count I, Plaintiffs sought judgment against Miller–Kehl and Auffenberg in the sum of $56,926.26, plus expenses and attorney's

---

1. Miller–Kehl was dissolved on August 29, 2000 and provided proper notice of its dissolution. In accordance with Section 351.482, RSMo 2000, the real party in interest then had two years in which to file its claim against Miller–Kehl.

fees. In Count II, Plaintiffs sought judgment against Auffenberg in the sum of $61,845.81, plus expenses and attorney's fees. Miller–Kehl and Auffenberg both filed answers to Plaintiffs' petition.

Several months after filing their petition, Plaintiffs filed a motion for summary judgment. Miller–Kehl filed its response to the Plaintiffs' motion for summary judgment. Miller–Kehl stated in its response that Plaintiffs had lost their claim for failing to file it within 2 years of the dissolution of the corporate status of Miller–Kehl. Miller–Kehl further stated that the real party in interest never filed its claim against it within the permissible 2–year statutory period. Auffenberg also filed its response to the Plaintiffs' motion for summary judgment. In its response, Auffenberg stated that Plaintiffs were not legal entities and lacked capacity to litigate their claim.

The trial court denied Plaintiffs' motion for summary judgment and set the matter for trial. Defendants then filed separate motions to dismiss. Miller–Kehl filed its motion to dismiss Count I of Plaintiffs' petition on the grounds that:

> ... it fails to state a cause of action upon which relief may be granted. As a basis for this Motion, the Defendant incorporates by reference its brief Memorandum which is attached hereto and incorporated by reference. The real party in interest has not filed suit as a Plaintiff in this case. In addition, ADP has failed to pursue its claim within the 2 year statutory period provided for corporations which have dissolved.

**2.** The record reveals this was the first occasion in which the entity ADP Commercial Leasing was identified by Plaintiffs as a real party in interest.

**3.** Plaintiffs' motions to strike Miller–Kehl's brief and supplemental legal file are denied. While we agree with Plaintiffs that documents

Auffenberg separately filed its motion to dismiss Counts I and II of Plaintiffs' petition. The grounds asserted for dismissal were "... Plaintiff, ADP Dealer Services Group, a Division of ADP, Inc. and ADP Leasing, a Division of ADP, Inc, do not have legal capacity to sue." A hearing on the motions was scheduled.

On the day of the hearing, Plaintiffs filed a motion to substitute ADP Commercial Leasing, L.L.C. (ADP Commercial Leasing) as a party Plaintiff as to Count I in place of ADP, Inc. In the motion to substitute, Plaintiffs claimed that on April 25, 2003 ADP Commercial Leasing received an assignment of chattel paper which included the Master Equipment Lease and rental schedules identified in Count I of Plaintiffs' petition.[2] This motion was denied.

■ Thereafter, the trial court granted Defendants' motions to dismiss. In its judgment, the trial court dismissed the Plaintiffs' petition finding that all of the documents produced at the hearing indicated that payments on the Master Equipment Lease were made to ADP Credit Corporation and that all demands for payment were made by ADP Credit Corporation. The trial court further found that ADP Credit Corporation was not a party to the lawsuit and Plaintiffs had not sought to join ADP Credit Corporation as a plaintiff. The trial court therefore entered its judgment dismissing the petition as to the named Plaintiffs only, with prejudice. Plaintiffs filed their Motion to Reconsider and/or to Vacate Judgment which the trial court denied. This appeal follows.[3]

not considered by the trial court and not made part of the record cannot be introduced into the record on appeal, *Schwartz v. Custom Printing Co.*, 926 S.W.2d 490, 495 (Mo.App. E.D.1996), here, the Court did not rely on the documents in the supplemental legal file in

We begin by addressing Plaintiffs' third point first because this will determine our standard of review.

In their third point, Plaintiffs argue the trial court erred in dismissing their Petition because the trial court impermissibly considered matters outside the pleadings. Specifically, Plaintiffs contend they had no notice that the trial court would consider matters outside the pleadings and treat the motions to dismiss as a motion for summary judgment. We disagree.

 Review of the trial court's ruling on a motion to dismiss is generally limited to the sufficiency of the pleadings on their face. *Claude v. Ceccarini*, 110 S.W.3d 843, 846 (Mo.App. E.D.2003). Where, however, the parties introduce evidence beyond the pleadings, a motion to dismiss is converted to a motion for summary judgment. *Id.* In order to consider matters outside of the pleadings and treat a motion to dismiss as one for summary judgment, the trial court must first give the parties notice that it is going to do so, and it must provide all parties a reasonable opportunity to present all materials made pertinent to a motion for summary judgment. *Goe v. City of Mexico, Missouri*, 64 S.W.3d 836, 838 (Mo.App. E.D. 2001). However, notice by the trial court is not required when a party or parties acquiesce in the trial court treating a motion to dismiss as a motion for summary judgment. *Osage Water Company v. City of Osage Beach*, 58 S.W.3d 35, 41 (Mo.App. S.D.2001). Thus, where the parties introduce evidence beyond that contained in the petition, a motion to dismiss is converted to a motion for summary judgment and the parties are charged with knowledge that the motion was so converted. *Id.*

 Here, Plaintiffs never objected to any information provided to the trial court

reaching its decision. Therefore, Plaintiffs'

during the hearing on the motions to dismiss. The evidence referred to was acquired through depositions and not objected to by Plaintiffs. Specifically, Plaintiffs did not object to evidence which showed the checks on the lease were made payable to ADP Credit Corporation and not ADPL. In addition, Plaintiffs made reference to the assignment of the leasing agreement to ADP Credit Corporation subsequent to the filing of the lawsuit. Because matters outside of the pleadings were presented to the trial court, the motion to dismiss was converted to a motion for summary judgment, and this court reviews the matter under a summary judgment standard of review. *Claude*, 110 S.W.3d at 846.

The trial court did not impermissibly consider matters outside the pleadings because the joint motion to dismiss was converted into a motion for summary judgment. Point three is denied.

Appellate review of summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376.

A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) undisputed facts that negate any one of the elements of the claimant's cause of action; (2) the non-movant, after an adequate period of discovery, has not produced and would not be able to produce evidence sufficient to

motion to strike is moot.

allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

In their first point, Plaintiffs argue the trial court erred in dismissing their petition because the proper party, ADP, Inc., was identified in the petition and has the capacity to sue. We disagree.

 To maintain an action, a plaintiff must be a legal entity that is either a natural person, an artificial person, or a quasi-artificial person. *Korte Trucking Co. v. Broadway Ford Truck Sales, Inc.,* 877 S.W.2d 218, 220 (Mo.App. E.D.1994). Any suit which is not brought in the name of a legal entity is a nullity. *Id.* Unincorporated divisions of a corporation are not legal entities, and, therefore, lack legal capacity to sue or be sued. *United States v. ITT Blackburn Co.,* 824 F.2d 628, 631 (8th Cir.1987); *E.E.O.C v. St. Francis Xavier Parochial School,* 77 F.Supp.2d 71, 75–76 (D.D.C.1999). Failure of the pleadings to show that a named party is a legal entity that can sue or be sued results in it not being recognized as a party. *Nye v. Gerald Harris Const., Inc.,* 28 S.W.3d 905, 908–909 (Mo.App.E.D.2000).

Contrary to Plaintiffs' contentions, ADP, Inc. is not specifically named as the Plaintiff in the petition.[4] Plaintiffs' petition reads as follows:

1. Plaintiff, ADP Dealer Services Group, is a division of ADP, Inc., a Delaware corporation (hereinafter "ADPDS")....

2. Plaintiff, ADP Leasing, is a division of ADP, Inc., a Delaware corporation (hereinafter "ADPL")....

 Plaintiffs then pleaded two separate counts as separate causes of action of each division. In Count I, the plaintiff is specifically identified as "ADPL" and identified as such throughout all the allegations. The relief prayed for in Count I is that a judgment be granted in favor of the Plaintiff, "ADPL." In Count II, the plaintiff is specifically identified as "ADPDS" and identified as such throughout all the allegations. The relief prayed for in Count II is that a judgment be granted in favor of the plaintiff, "ADPDS." The Petition states that there are two separate Plaintiffs, "ADPL" and "ADPDS," both of which are divisions of the same company.

The federal district court addressed the issue of whether or not the pleadings identified each division as plaintiffs or one company as plaintiff so that the federal district court could determine whether or not the amount in controversy exceeded the sum of $75,000 exclusive of interest and costs. Plaintiffs argued that although the complaint named them as two separate Plaintiffs, they are both divisions of the same corporation, ADP, Inc. which is the real party in interest.

The federal district court observed Plaintiffs asserted that they were named as separate plaintiffs "in order to more clearly set forth the causes of action, as the two agreements in the two Counts were executed by their respective divisions." The federal district court concluded that "although it appears that the two named plaintiffs are part of the same corporation, they have not provided the feder-

---

4. We find the cases cited by Plaintiffs—*Iron County v. State Tax Commission,* 480 S.W.2d 65 (Mo.1972), *Blevins v. Cushman Motors,* 551 S.W.2d 602 (Mo.1977), and *Davies v. Carter Carburetor, Division ACF Industries,* *Inc.,* 429 S.W.2d 738 (Mo.1968)—inapposite. None of these cases addressed the issue of the identity of the parties or their legal capacity as divisions of a corporation to sue or be sued.

al district court with enough information to meet their burden of showing that indeed they are the same plaintiff or have a common undivided interest in the two claims of Count I and Count II." In reaching its decision to dismiss the case, the federal district court noted that unincorporated divisions of the same corporation are not legal entities. *See ITT Blackburn Co.*, 824 F.2d at 631; *E.E.O.C*, 77 F.Supp.2d at 75–76. The federal district court then entered the following order:

> IT IS HEREBY ORDERED that defendants' motions to dismiss based on the claim that each plaintiff has not met the requisite amount in controversy are granted, without prejudice to plaintiffs' ability to file an amended complaint.

Here, the trial court also concluded that Plaintiffs' petition identified two Plaintiffs which were divisions of a company and as such did not have legal capacity to sue. The trial court stated in its judgment that "[t]he Plaintiffs, as determined from the Petition, are divisions and as such the two identified Plaintiffs are not legal entities and may not sue."

We find the pleadings identified the two plaintiffs as separate divisions of a company and as such these divisions did not have legal capacity to sue. Defendants were entitled to judgment as a matter of law.[5] Point one is denied.

In their second point, Plaintiffs argue the trial court erred in dismissing their Petition because Defendants waived any argument that Plaintiffs lacked capacity to sue. Specifically, Plaintiffs contend Defendants failed to properly raise the issue as a specific negative averment as required by Rules 55.13 and 55.27(g)(1). We disagree.

 Before reaching the merits of Plaintiffs' second point, we initially note that Count I of Plaintiffs' petition was never properly commenced against Miller–Kehl. Miller–Kehl had been dissolved and a claim by the proper plaintiff must have been filed against it within the two-year statutory period provided by Section 351.482, RSMo 2000. The proper party, ADP, Inc., did not file such a claim. Therefore, we need not address Plaintiffs' waiver arguments with respect to Miller–Kehl and summary judgment was proper was proper as to Count I.

 Rule 55.13 provides that when a defendant desires to raise an issue as to the legal existence of any party, or the capacity of any party to sue, ". . . he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." A specific denial of the legal capacity to sue without supporting particulars made in good faith is sufficient to raise the issue under Rule 55.13. *Gilmore v. Bi–State Development Agency*, 936 S.W.2d 193, 194–195 (Mo.App. E.D.1996). The denial is subject, however, to be stricken by the court if the other party moves for a more definite statement and supporting particulars are not added by amendment. *Id*. Here, Plaintiffs did not move for a more definite statement. In addition, in its answer, Auffenberg made a specific negative averment of legal capacity of each of the Plaintiff divisions in good faith. Plaintiffs' pleadings and the order of the federal district court provided a sufficient basis for Auffenberg to deny the legal capacity of Plaintiffs.

 Plaintiffs also claim Defendants failed to properly preserve any defense based upon alleged lack of capacity to sue

---

**5.** Plaintiffs argue the trial court could have ordered that ADP, Inc. be substituted as a party plaintiff or granted leave to substitute ADP, Inc. as the party plaintiff. We note, however, Plaintiffs never requested that ADP, Inc. be added as a party.

under Rule 55.27(g)(1). Rule 55.27(g)(1) requires that the defense of lack of legal capacity to sue must be made by motion within the time for filing a responsive pleading, or included in the responsive pleading; otherwise, it is waived. *See also* Rule 55.27(a)(9). A general denial does not sufficiently raise and preserve the defense. *Boatmen's First Nat. Bank of Kansas City v. Roofco Systems, Inc.*, 852 S.W.2d 402, 404 (Mo.App. W.D.1993).

Here, however, Auffenberg specifically stated in its answer as follows with respect to affirmative defenses:

(1) That said action is barred because of a prior pending action in the United States District Court, Eastern District of Missouri, Northern Division, Case No. 2:02CV00021DJS, styled *ADP Dealer Services Group, A Division of ADP, Inc. and ADP Leasing, A Division of ADP, Inc., Plaintiffs, vs. Carroll Motor Company d/b/a/ Miller Kehl Motor Co. and Audrain County Motor Company, Inc. d/b/a Auffenberg Motor Co. of Mexico, Defendants.*

(2) That the Plaintiffs do not have legal capacity to sue.

In dismissing Plaintiffs' Petition, both the federal district court and trial court stated that Plaintiffs' pleadings identified two divisions of a corporation as the plaintiffs and as divisions of a corporation they do not have legal capacity to sue. Plaintiffs' pleadings and the federal district court's order provided a sufficient basis for Auffenberg to deny the legal capacity of Plaintiffs.[6] Defendants were entitled to judgment as a matter of law. Point two is denied.

In their fourth and final point, Plaintiffs argue the trial court erred in dismissing their Petition because the trial court failed to make the necessary findings under Rule 52.04. We disagree.

We will affirm a trial court's decision under Rule 52.04 unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it misinterprets or misapplies the law. *Crumbaker v. Zadow*, 151 S.W.3d 94, 98 (Mo.App. E.D.2004) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

Under Rule 52.04, if the court determines that a necessary party has not been joined in the action, then "the court shall order that the person be made a party." Rule 52.04(a). If it is not feasible to join the necessary party, then "the court shall determine" whether the party is indispensable—that is, whether in "equity and good conscience the action should proceed without the necessary party or be dismissed." Rule 52.04(b). In determining whether a party is indispensable, the trial court must consider certain factors which include

(i) to what extent a judgment rendered in the person's absence might be prejudicial to that person or those already parties; (ii) the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (iii) whether a judgment rendered in the person's absence will be adequate; and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 52.04(b). Contrary to Plaintiffs' contention, the record indicates the trial court

---

6. Similarly, Plaintiffs' argument that Auffenberg admitted the legal capacity of the two divisions by admitting that "ADPL was the party with whom [it] contracted, and to whom all payments were made" is not persuasive. Auffenberg specifically denied the legal capacity of both Plaintiffs in its answer.

followed the procedure set forth in the governing rule and made the required determination that "ADP Credit Corp. is an indispensable party with regard to Count I and that either ADP, Inc. or Automatic Processing, Inc. or some other legal entity is an indispensable party with regard to Count II." The trial court did review the factors under Rule 52.04(b). As the trial court stated in its judgment:

> Upon considering the factors identified in said Rule including that this matter is set for trial on March 7, 2005, and that no prejudice will occur to the real parties in interest,
>
> IT IS ORDERED, ADJUDGED and DECREED that Count I and Count II of Plaintiffs' Petition are hereby dismissed with prejudice as to the named Plaintiffs and that the Counterclaim of Carroll Motor Company d/b/a Miller–Kehl Motor Company vs. Audrain County Motor Company, Inc. d/b/a Auffenberg Motor Company of Mexico is hereby dismissed without prejudice.

Based upon the pleadings and the record in this case, the trial court made the necessary findings under Rule 52.04. Point four is denied.

Judgment affirmed.

NANNETTE A. BAKER, P.J. and SHERRI B. SULLIVAN, J., concur.