

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-10-055-CV

## IN RE SIERRA TITLE OF HIDALGO COMPANY, INC.

## NUMBER 13-10-099-CV

## IN RE HOMEQ SERVICING CORPORATION
## AND TERWIN ADVISORS LLC

## On Petitions for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Per Curiam Memorandum Opinion[1]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

By companion petitions for writ of mandamus, relators, Sierra Title Company of Hidalgo County, Inc. ("Sierra"), HomEq Servicing Corporation ("HomEq"), and Terwin Advisors LLC ("Terwin") challenge an order of reinstatement following a dismissal for want of prosecution.[2]  We deny the petitions for writ of mandamus as stated herein.

## I. BACKGROUND

In 2003, real parties in interest, Jesus Garcia and Norma Linda Garcia, brought suit against Success Investments, Inc. ("Success"), Gerardo Raul Arizmendi a/k/a Jerry Arizmenda d/b/a Consolidated Financial Group, Sierra, Terwin, and HomEq for causes of action relating to wrongful foreclosure, including negligence, breach of contract, and violation of the Texas Deceptive Trade Practices Act.  *See* TEX. BUS. & COM. CODE ANN. § 17.50 (Vernon Supp. 2009).  The trial court sua sponte dismissed the case for want of prosecution on May 24, 2007.

More than two years later, real parties filed an unverified motion to reinstate on October 20, 2009 and filed a "supplemental" motion to reinstate, which was properly verified, on or about November 12, 2009.  In their motions to reinstate, real parties argued

---

[2] Sierra filed a petition for writ of mandamus on February 8, 2010 in appellate cause number 13-10-00055-CV, and further filed an amended appendix on February 22, 2010.  The Court requested and received a response from the real parties in interest, who have also filed a supplemental mandamus record and a motion to strike the affidavit of M. Steven Deck on grounds that it was not presented to the trial court and is not part of the record.  Relators have not contradicted this allegation, by supplemental record or otherwise, and thus, we do not consider this pleading herein. *See In re Nabors*, 276 S.W.3d 190, 194 n.5 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding); *cf. Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.–Houston [14th Dist.] 2002, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered.").  We GRANT the motion to strike.

HomEq and Terwin filed a petition for writ of mandamus in appellate cause number 13-10-00099-CV on March 3, 2010, along with a "Notice of Parallel Proceeding and Motion to Consolidate."  We GRANT the motion to consolidate these two original proceedings.

that the cause was dismissed "without notice being provided to the attorneys for the plaintiffs," and the "cause contained counterclaims for attorneys fees that were not disposed," and, accordingly, the order was interlocutory rather than final. The trial court entered an order granting reinstatement on November 25, 2009, then entered a more detailed order granting reinstatement on December 2, 2009.

Through these original proceedings, relators contend that the trial court erred in reinstating the case because it lacked plenary jurisdiction over the cause. Relators specifically contend that lack of notice of the trial court's order of dismissal does not extend the trial court's plenary power and the order granting dismissal was final according to its plain terms. In contrast, real parties contend that the dismissal order was interlocutory because it failed to dispose of counterclaims filed against them.

## II. STANDARD OF REVIEW

Mandamus relief will lie if the relator demonstrates a clear abuse of discretion for which there is no adequate appellate remedy. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). That is, a clear abuse of discretion occurs when a trial court issues a decision that lacks any basis or reference to guiding legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. However, because a trial court has no discretion in

determining what the law is or applying the law to the facts, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* at 840.

Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68-69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *Silguero v. State*, 287 S.W.3d 146, 148 (Tex. App.–Corpus Christi 2009, orig. proceeding). Specifically, when a trial court erroneously reinstates a case after its plenary power has expired, there is no adequate remedy by appeal and mandamus is the appropriate remedy. *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding); *Silguero*, 287 S.W.3d at 148; *S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.–Houston [14th Dist.] 1995, orig. proceeding). When the mandamus proceeding arises out of the interpretation of legal rules, we give limited deference to the lower court's analysis. *Brookshire Grocery Co.*, 250 S.W.3d at 69; *see Walker*, 827 S.W.2d at 839.

### III. ANALYSIS

Texas Rule of Civil Procedure 165a(3) sets out the procedure for reinstating cases dismissed for want of prosecution. *See* TEX. R. CIV. P. 165a(3). Rule 165a(3) provides that:

> A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their

4

attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

*Id.* Accordingly, if a case is dismissed for want of prosecution, a party seeking reinstatement must file a verified motion to reinstate within thirty days after the date on which the order of dismissal was signed. *Id.*; *In re Montemayor*, 2 S.W.3d 542, 545 (Tex. App.–San Antonio 1999, orig. proceeding). In the absence of a verified motion to reinstate, the trial court's plenary jurisdiction expires thirty days after the date on which the court signed the order of dismissal. *See* TEX. R. CIV. P. 165(a)(3); *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding); *In re GMC*, 296 S.W.3d 813, 820-21 (Tex. App.–Austin 2009, orig. proceeding); *In re Montemayor*, 2 S.W.3d at 545.

Texas Rule of Civil Procedure 306a(4) extends the time period for filing a motion to reinstate when a party fails to receive notice of the judgment or acquire actual knowledge of the dismissal order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2; *Powell v. McCauley*, 126 S.W.3d 158, 161 (Tex. App.–Houston [1st Dist.] 2003, no pet.). In order to obtain the benefits of this rule, the movant must receive notice of the judgment more than twenty, but less than ninety-one, days after it was signed. *In re Lynd Co.*, 195 S.W.3d

5

682, 685 (Tex. 2006) (orig. proceeding); *see* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2. Based on these time constraints, the extension period is inapplicable to the instant case. Even if a party does not receive actual notice or acquire actual knowledge of the entry of an order dismissing a case for want of prosecution, the trial court's plenary power over the case ends no later than the 120th day after the order of dismissal is signed. *In re Lynd Co.*, 195 S.W.3d at 685 n.2; *In re GMC*, 296 S.W.3d at 820-21.

In the instant case, the order of dismissal was signed on May 24, 2007. No motion to reinstate the suit, or any other motion that would have extended the district court's plenary power, was filed within thirty days of the date that the district court signed the order of dismissal. Accordingly, the trial court's plenary power lapsed before the motions for reinstatement were filed.

Given that the real parties' motions to reinstate were not filed within thirty days after the dismissal, we must determine whether the dismissal order was final or interlocutory. Specifically, we must address whether the order disposed of all the claims in the case, including the counterclaims. *See Darr v. Altman*, 20 S.W.3d 802, 806 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (examining the finality of a dismissal order after reinstatement).

An order or judgment is not final for purposes of appeal unless it actually disposes of all claims and all parties or unless it clearly and unequivocally states that it finally disposes of all parties and all issues. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Language stating that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by any other parties; but if the record reveals the existence of parties or claims not mentioned in the order, the

6

order is not final. *Id.* An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim. *Id.*

More specifically, when a case has been dismissed for want of prosecution, there is no presumption that the dismissal order also disposed of issues in an independent cross-action or counterclaim. *See N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966) (citing *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 298, 150 S.W.2d 377, 378 (1941)); *Darr*, 20 S.W.3d at 806; *Dardari v. Tex. Com. Bank Nat'l Ass'n*, 961 S.W.2d 466, 469 (Tex. App.–Houston [1st Dist.] 1997, no pet.); *Macarangal v. Andrews*, 838 S.W.2d 632, 634 (Tex. App.–Dallas 1992, orig. proceeding [leave denied]); *Massey v. Davis*, 650 S.W.2d 551, 554 (Tex. App.–Eastland 1983, writ ref'd n.r.e.). In contrast, where a cross-claim or counterclaim is contingent upon the plaintiff's recovery, and is therefore not independent, the cross-claim or counterclaim is disposed of by implication and the dismissal order is a final judgment. *See Darr*, 20 S.W.3d at 806; *McClelland v. Partida*, 818 S.W.2d 453, 455 (Tex. App.–Corpus Christi 1991, writ dism'd w.o.j.).

The order of dismissal herein provides:

> BE IT REMEMBERED that on the 24 day of May, 2007, came on to be heard and considered the Court's Motion to Dismiss the above entitled and numbered cause for want of prosecution. After due notice to all parties and pursuant to Rule 165A of the Texas Rules of Civil Procedure, the Court set this cause for dismissal for Lack of Prosecution and there being no opposition to the Court's Motion to Dismiss.

> IT IS THEREFORE, ORDERED that the above entitled and numbered cause be and it is hereby DISMISSED FOR LACK OF PROSECUTION, with costs assessed against the PLAINTIFF/PETITIONER.

The order of dismissal does not clearly and unequivocally state that it finally disposes of

7

all parties and all issues. *Lehmann*, 39 S.W.3d at 205. Accordingly, even in the presence of language showing that the case is dismissed, we examine the record to see if it reveals the existence of parties or claims not mentioned in the order. *Id.*

Looking at the pleadings herein, in its first amended original answer, Success included a request for the "recovery of court costs and all reasonable and necessary attorney's fees incurred in connection with the defense of this claim, pursuant to [s]ection 17.50(c) of the Texas Business and Commerce Code." Gerardo Raul Arizmendi filed an "Original Answer and Counterclaim," stating, inter alia, that real parties' claims are "frivolous, harassing, groundless in fact and/or law, and brought in bad faith," and "[p]ursuant to the provisions of Texas Business & Commerce Code Section 17.50(c), Defendant is entitled to an award against Plaintiffs of his reasonable and necessary attorneys' fees and court costs."[3]

A claim for attorney's fees pursuant to section 17.50 of the Texas Business and Commerce Code is a counterclaim. *See* TEX. BUS. & COMM. CODE ANN. § 17.50 (Vernon Supp. 2009); *Ortiz v. Collins*, 203 S.W.3d 414, 420-21 (Tex. App.–Houston [14th Dist.] 2006, no pet.); *In re Frost Nat. Bank*, 103 S.W.3d 647, 650 (Tex. App.–Corpus Christi 2003, orig. proceeding); *see also Trevino v. Credit Collection Servs.*, No. 13-06-00481-CV, 2007 Tex. App. LEXIS 6298, at **2-4 (Tex. App.–Corpus Christi Aug. 9, 2007, no pet.) (mem. op.). Here, the dismissal order made no specific mention or reference to the pending counterclaims. Moreover, the pending counterclaims for attorney's fees are

---

[3] Both Sierra and HomEq asked for attorney's fees and costs in the general prayers for relief found in their original answers. Based on the other pleadings herein, we need not determine whether such general prayers for relief constitute a counterclaim. *See, e.g., DeMino v. Sheridan*, 176 S.W.3d 359, 372 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (concluding that a general prayer for relief, including attorney's fees, did not constitute a counterclaim).

independent; that is to say, they are not contingent on the plaintiff's recovery, nor were they disposed of by necessary implication in the order of dismissal. *See Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008) ("Although a plaintiff decides which of its claims to pursue or abandon, that decision does not control the fate of a non-moving party's independent claims for affirmative relief. For example, a plaintiff's nonsuit cannot extinguish a defendant's counterclaim for costs and attorney's fees.") (internal citations omitted). Therefore, the counterclaims were not dismissed and the order of dismissal was interlocutory. *See Aldridge*, 400 S.W.2d at 895; *Darr*, 20 S.W.3d at 806; *see also Trevino*, 2007 Tex. App. LEXIS 6298, at *4; *Pena v. Cooper Outdoor Advertising, Inc.*, No. 13-05-00679-CV, 2007 Tex. App. LEXIS 2826, at *3 (Tex. App.–Corpus Christi Apr. 12, 2007, no pet.) (mem. op.) (affirming an order of reinstatement where order of dismissal did not reference counterclaims). Thus, the trial court did not err in reinstating the case.

## IV. CONCLUSION

Relators HomEq and Terwin contend that it is "highly unlikely" that the trial court intended for its "boilerplate" dismissal to be interlocutory and not final, and "[i]f the trial court's order was not final, then no DWOP order is final, and thousands of cases across Texas are ripe for being reopened by litigants." While we appreciate these concerns, we note that they may be addressed both by careful drafting of dismissal orders so as to indicate their finality or lack thereof, and by careful and active advocacy on the part of defense counsel, including the judicious utilization of motions for nonsuit.

Because the trial court's order dismissing the case for want of prosecution failed to

dispose of pending counterclaims, the May 24, 2007 order of dismissal was interlocutory, and the trial court retained jurisdiction to reinstate the real parties' claims. Accordingly, we deny relators' petitions for writ of mandamus.

PER CURIAM

Delivered and filed the 18th
day of March, 2010.