James A. **STEMMLER**, Personal Representative of the Estate of Melvin C. Brewer, Appellant,

v.

Fred M. **GOFFSTEIN**, Respondent.

No. ED 98893.

Missouri Court of Appeals, Eastern District, Division Five.

April 16, 2013.

---

1. All rule references are to Mo. R.Crim. P.2012, unless otherwise indicated.

James A. Stemmler, St. Louis, MO, pro se, for appellant.

Anthony M. Pezzani, Chesterfield, MO, for respondent.

ROBERT M. CLAYTON III, Judge.

James A. Stemmler, personal representative of the estate of Melvin C. Brewer, ("Stemmler") appeals the trial court's grant of summary judgment in favor of Fred M. Goffstein ("Goffstein"). On appeal, Stemmler argues there remained disputed issues of material fact as to Goffstein's liability under the contract.[1] We reverse and remand.

## I. BACKGROUND

In October 2000, Stemmler entered into a contract to sell real property located at 7831 Lafon, University City, Missouri ("the property"). The contract identified the purchaser as "Belle Meade Dev Co LLC" and it was signed by "Belle Meade Dev Co LLC by Fred Goffstein, member." In accordance with the contract, Goffstein signed and tendered an earnest money check bearing the name "Belle Meade Development Co." Among other terms, the contract contained a provision stating: "In the event [the property] is torn down between Nov 30, 2001[,] and Nov 30, 2003, purchaser agrees to give seller [an] additional $5000.00." Apparently, Stemmler transferred title to Overbrook Development LLC ("Overbrook"). Subsequently, in June 2001, Overbrook transferred the deed to the property to R J York Development, LLC. On an unspecified date but within the window set out within the contract, R J York Development, LLC, tore down the property.

Stemmler filed suit against Goffstein in his individual capacity claiming breach of contract for failure to pay $5,000, asserting the property was torn down between November 30, 2001, and November 30, 2003. Goffstein raised several affirmative defenses, including that, as relevant to this ap-

---

1. Goffstein did not file a Respondent's Brief on appeal.

peal, he did not enter into the contract in his individual capacity.

Goffstein moved for summary judgment. He asserted, first, that he was entitled to judgment as a matter of law because he was not a proper party to the suit. He contended the sale contract designated Belle Meade Dev. Co. LLC and Overbrook as the purchasers, and he explicitly signed the contract as a member of Belle Meade Dev. Co. LLC, not as an individual. He asserted as an undisputed fact that he had never done business as Belle Meade Dev. Co. LLC. In the alternative, he argued that if the trial court "elect[ed] to interpret the Contract to identify Belle Meade Development Co. as the Purchaser" he was still entitled to summary judgment, because Belle Meade Development Co. was a fictitious name most recently registered as wholly owned by Belle Meade Residential Design & Construction Co., LLC.

Second, Goffstein asserted he was entitled to judgment as a matter of law because Stemmler failed to establish whether or when the property was torn down. Goffstein stated he did not tear down the property, and if it was torn down after it was sold to R J York Development, LLC, he was not liable under the contract.

Goffstein attached multiple documents to his motion for summary judgment, including three registration documents. The first document was dated October 30, 1997, and reflected the registration of the fictitious name Belle Meade Development Co. and listed Fred M. Goffstein as the 100% owner. The second document was dated December 2, 1997, and reflected the registration of the same fictitious name, Belle Meade Development Co., but stated the 100% owner was Belle Meade Residential Design & Construction, LLC, with a charter number of LC0011704. The third document, dated June 2001, was entitled Cancellation of Registration of Fictitious Name and cancelled the original registration listing Goffstein as owner.

Stemmler challenged the motion for summary judgment and disputed several of Goffstein's statements of fact, including that Overbrook was listed as a party purchaser on the contract and Goffstein's assertion he never did business as Belle Meade Dev. Co. LLC. Stemmler argued that because Goffstein entered into the contract under the unregistered fictitious name of Belle Meade Dev. Co. LLC, he was individually liable under the contract. Moreover, even if Goffstein entered into the contract under the registered fictitious name of Belle Meade Development Co., he was still liable under the contract because he had registered himself as the 100% owner of that name. According to Stemmler, the subsequent reregistration by Belle Meade Residential Design & Construction Co., LLC as the 100% owner of Belle Meade Development Co. did not affect Goffstein's original registration and Goffstein did not purport to cancel his registration until June 2001. As for Goffstein's assertion that he did not tear down the property, Stemmler argued Goffstein was still liable for breach of contract for failing to pay $5,000 pursuant to the contract's tear-down provision. The contract stated merely that if the property were torn down, the party purchaser would pay.

The trial court granted summary judgment in favor of Goffstein. This appeal follows.

## II. DISCUSSION

### A. Standard of Review

We review the grant of summary judgment de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When considering an appeal from summary judgment, we review the record in a

light most favorable to the party against whom judgment was entered, and we afford the non-movant the benefit of all reasonable inferences from the record. *Cardinal Partners, LLC v. Desco Inv. Co.*, 301 S.W.3d 104, 108–09 (Mo.App. E.D.2010). We may affirm the grant of summary judgment under any theory that is supported by the record. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 120 (Mo. banc 2010).

Here, the trial court did not provide a reason for its grant of summary judgment. Where the trial court's order does not state its reasons, we presume summary judgment was granted on the grounds specified in movant's motion. *Romeo v. Jones*, 86 S.W.3d 428, 431 (Mo.App. E.D. 2002).

## B. Proper Parties to the Contract

■ In his first point on appeal, Stemmler argues the trial court erred in granting summary judgment on the basis that Goffstein was not the proper party purchaser to the contract. We agree.

Summary judgment is proper where the record shows no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(6); *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. A genuine issue is a dispute that is real and not merely argumentative, imaginary, or frivolous. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 382. The movant has the burden to establish both a legal right to judgment and the absence of any genuine issue of material fact supporting that claimed right to judgment. *Id.* at 378. The non-movant demonstrates a genuine issue of material fact by denying the allegations and citing specific references to the discovery, exhibits, or affidavits showing a genuine issue for trial. Rule 74.04(c)(2).

Goffstein requested summary judgment in part on the grounds that he was not a proper party to the suit, asserting he did not sign the contract in an individual capacity and thus was not liable under the contract. The parties dispute, however, whether Belle Meade Dev. Co. LLC, Overbrook, or Belle Meade Development Co. was the party purchaser in the contract, and Goffstein's personal liability hinges on resolution of this fact. If the party purchaser was Belle Meade Dev. Co. LLC, Goffstein may be individually liable and thus the proper party to the suit. If the party purchaser was Overbrook or Belle Meade Development Co., Goffstein may not be liable and thus not a proper party.

■ Goffstein asserted that other parties were the actual party purchasers to the contract to defeat his personal liability. First, Goffstein claimed that the party purchaser was Belle Meade Dev. Co. LLC. On the face of the contract, the party purchaser was handwritten as "Belle Meade Dev Co LLC." Stemmler, however, submitted certifications from the Missouri Secretary of State indicating there were no records showing that Belle Meade Dev. Co. LLC or Belle Meade Development Co. LLC was or ever had been registered as a corporation, limited liability company, fictitious name, or other business entity required by law. Contracts entered into under unregistered fictitious names are enforceable against the individual doing business as the fictitious name. *See Phillips v. Hoke Constr., Inc.*, 834 S.W.2d 785, 787–88 (Mo. App. S.D.1992). Goffstein asserted as an undisputed statement of fact that he never did business as Belle Meade Dev. Co. LLC. Stemmler disputed this fact.

We agree with Stemmler that whether Goffstein was doing business as Belle Meade Dev. Co. LLC was a disputed fact. Even though Goffstein signed the contract as a member of Belle Meade Dev. Co. LLC, that entity was not registered as a

fictitious name, corporation, or LLC. If there was no such entity, Goffstein may have been an individual doing business under an unregistered fictitious name. Goffstein failed to establish either a legal right to judgment or the absence of any genuine issue of material fact supporting that claimed right to judgment. *See ITT Commercial Fin. Corp.*, 854 S.W.2d at 378.

■ Second, Goffstein also asserted that Overbrook was a party purchaser. He contended Overbrook was listed on the contract, and submitted a version of the contract with Overbrook handwritten above the line listing Belle Meade Dev. Co. LLC as the purchaser. If Overbrook is found to be a party purchaser, such a finding could affect Goffstein's liability. Goffstein produced documentation stating he was the registered agent for Overbrook, and as such, he would not be individually liable for the contract entered into on behalf of his principal. *See Teasdale & Assocs. v. Richmond Heights Church of God in Christ*, 373 S.W.3d 17, 22, 25 (Mo.App. E.D.2012). Whether Overbrook was listed as a purchaser on the contract, however, remains a disputed issue of material fact. Not only did Stemmler challenge whether Overbrook was a party to the contract, but we also note that the contract Goffstein first submitted to the trial court with his affirmative defenses did not include these handwritten changes, but listed Belle Meade Dev. Co. LLC as the only purchaser. A genuine issue of material fact remains concerning this issue, and therefore summary judgment was improper.

Third, Goffstein argued alternatively the party purchaser was Belle Meade Development Co. In fact, both parties suggested to the trial court that Belle Meade Development Co. might have been the party purchaser; however, they dispute the effect such a finding could have on Goffstein's personal liability. In the event the trial court does find the party purchaser to be Belle Meade Development Co., it appears from the facts currently in the record that Goffstein would not be individually liable.

The undisputed evidence showed that Goffstein registered the fictitious name Belle Meade Development Co. in October 1997, listing himself personally as the 100% owner. Then, in December 1997, Belle Meade Residential Design & Construction Co., LLC registered itself as the 100% owner of Belle Meade Development Co. Also, both parties agreed that Belle Meade Development Co. issued the earnest money check.

Goffstein argued that if Belle Meade Development Co. was the party purchaser, he was entitled to summary judgment because the December 1997 registration by Belle Meade Residential Design & Construction Co., LLC as the 100% owner of the fictitious name wholly replaced his earlier registration of the same name, absolving him of individual liability. Stemmler contended, however, that Belle Meade Residential Design & Construction Co., LLC's subsequent registration of the fictitious name had no effect on Goffstein's original registration, in part because Goffstein did not cancel his original registration until June 2001. Goffstein's potential individual liability for actions entered into by Belle Meade Development Co. turns on his obligation in 1997 to file a cancellation of his initial registration.

Fictitious names are governed by Chapter 417 of the Missouri Statutes. The current version of Section 417.210 requires that if the owner of a fictitious name wishes to change ownership of the name, the owner must within five days file a cancellation with the Secretary of State. Section 417.210.4, RSMo (Cum.Supp.2004). However, the version of Section 417.210.1 in effect in 1997 provided that "if the interest of any owner shall cease to exist, or any other ... entity shall become an owner, such fictitious name shall be reregis-

tered within five days after any such change shall take place in the ownership of the business or any part thereof as set forth in the original registration, and such reregistration shall in all respects be made as in the case of an original registration of such fictitious name." Section 417.210.1 RSMo (Cum.Supp.1997). Because application of the current law requiring cancellation would impact Goffstein's liability, and thus his substantive rights, we apply the law in effect at the time of registration. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 872 (Mo. banc 1993) (substantive statutory provisions are presumed to operate prospectively).

Unlike the current law, the 1997 version did not require that Goffstein cancel his original registration in order to change ownership of a fictitious name. Rather, it appears from the face of the 1997 statute that to change ownership, the new entity must merely reregister the fictitious name. Section 417.210.1 RSMo (Cum.Supp.1997). Looking at the plain language of the 1997 statute, it appears the subsequent reregistration by Belle Meade Residential Design & Construction Co., LLC may have been sufficient to replace Goffstein as the owner of the fictitious name, thus allowing Goffstein to avoid individual liability. *See id.*

Nevertheless, any discussion of Goffstein's liability under Section 417.210 must be preceded by a factual determination of whether Belle Meade Development Co., Belle Meade Dev. Co. LLC, or Overbrook LLC was the party purchaser. Goffstein's personal liability depends on resolution of this issue. Accordingly, it is clear from the record that a genuine issue of material fact exists regarding the identity of the party purchaser in this case, and thus Goffstein was not entitled to judgment as a matter of law on the premise that he was not the proper party to the suit. The trial court's grant of summary judgment was improper. Point one on appeal is granted.

### C.   Tear–Down Provision

■   In his second point on appeal, Stemmler argues the trial court erred in granting summary judgment on the basis that Goffstein was not the person who tore down the property, because the tear-down was a condition of the contract, regardless of who tore it down. We agree that summary judgment was improper.

The amended contract contained no provision prohibiting tearing down the house, but provided that if the house was torn down between November 30, 2001, and November 30, 2003, the purchaser would pay $5,000. Stemmler in his petition asserted the home was torn down during that time, but did not provide a specific date. In Goffstein's motion for summary judgment, he argued Stemmler failed to allege when the tear-down occurred or who tore down the property.

■   A defending party may establish the right to judgment as a matter of law by showing: (1) facts that negate any one of the elements of the claimant's cause of action; (2) the non-movant, after an adequate period for discovery, has not produced and would not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense. *ADP Dealer Servs. Group v. Carroll Motor Co.*, 195 S.W.3d 1, 6–7 (Mo.App. E.D. 2005).

Regarding the tear-down date, Goffstein failed to meet his burden under *ADP Dealer Srvs. Group* to show he was entitled to summary judgment. He does not assert the home was not torn down or was torn down outside the time frame, which would negate an element of Stemmler's cause of action. *Id.* Further, the record does not show Stemmler would be unable

to produce the information with adequate discovery. *Id.* Rather, the record reflects that Goffstein never requested discovery from Stemmler regarding when the property was torn down. This evidence was easily discoverable, and summary judgment was not proper before Stemmler had the opportunity to produce this evidence.

■ Regarding who tore down the property, Goffstein again failed to demonstrate he was entitled to judgment as a matter of law. The contract on its face stated the purchaser must pay $5,000 if the property was torn down between November 30, 2001, and November 30, 2003. The contract did not specify that the purchaser would be liable only if he tore down the property. Thus, assuming discovery reveals the property was torn down during the relevant time frame and absent evidence or affirmative defense to the contrary, the party purchaser must pay $5,000, regardless of who performed the tear-down. When the terms of a contract are clear, "the court is bound to enforce the terms as written." *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624, 626–27 (Mo. banc 1997).

Goffstein failed to demonstrate he was entitled to judgment as a matter of law, and thus the trial court erred in granting summary judgment. Point two on appeal is granted.

### III. CONCLUSION

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER, JR., C.J., and THOMAS C. CLARK II, Sp. J., concur.